UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| ADAM FRANCHI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., AND LOOP CAPITAL MARKETS LLC,<br><br>Defendants. | Civil Action No. 3:19-cv-0962<br><br>Judge Eli J. Richardson<br>Magistrate Judge Jeffrey S. Frensley<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOE STOFKO AND CAMELOT EVENT DRIVEN FUND, A SERIES OF FRANK FUNDS TRUST FOR APPOINTMENT OF LEAD PLAINTIFFS, APPROVAL OF LEAD PLAINTIFFS' SELECTION OF COUNSEL, AND CONSOLIDATION OF RELATED CASES |

*(Additional Captions on Next Page)*

| | |
|---|---|
| BARRY GINSBERG, individually and on behalf of all others similarly situated, | Civil Action No. 3:19-cv-1040 |
| Plaintiff, | Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensley |
| v. | CLASS ACTION |
| SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, ALEXANDER FENKELL, J.P. MORGAN SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, and CAMELOT VENTURE GROUP, | |
| Defendants. | |
| RICHARD ANDRE, individually and on behalf of all others similarly situated, | Civil Action No. 3:19-cv-1057 |
| Plaintiff, | Judge Eli J. Richardson<br>Magistrate Judge Barbara D. Holmes |
| v. | CLASS ACTION |
| SMILEDIRECTCLUB, INC., DAVID KATZMAN, KYLE WAILES, STEVEN KATZMAN, JORDAN KATZMAN, ALEXANDER FENKELL, RICHARD SCHNALL, SUSAN GREENSPON RAMMELT, J.P. MORGAN SECURITIES, LLC, CITIGROUP GLOBAL MARKETS INC., BOFA SECURITIES, INC., JEFFERIES LLC, UBS SECURITIES LLC, CREDIT SUISSE SECURITIES (USA) LLC, GUGGENHEIM SECURITIES, LLC, STIFEL, NICOLAUS & COMPANY, INCORPORATED, WILLIAM BLAIR & COMPANY, L.L.C., AND LOOP CAPITAL MARKETS LLC, | |
| Defendants. | |

Joe Stofko and Camelot Event Driven Fund, A Series of Frank Funds Trust (together, "Movants") respectfully submit this memorandum of law in support of their motion for: (i) the consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure Rule 42(a); (ii) the Movants' appointment as lead plaintiffs for the proposed class in the above-captioned actions pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3) and 15 U.S.C. § 78u-4(a)(3)(B); (iii) the Court's approval of Movants' selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and The Swafford Law Firm, PLLC ("Swafford Law") as Liaison Counsel for the class; and (iv) any such further relief as the Court may deem just and proper.

## SUMMARY OF ARGUMENT

The above-captioned actions allege violations of the federal securities laws by SmileDirectClub, Inc. ("SmileDirectClub" or the "Company"), and certain of its officers and directors, as well as underwriters to the Company's September 2019 Initial Public Offering (collectively, the "Defendants"). Movants are members of the proposed class of persons that acquired SmileDirectClub Class A common stock (a) pursuant and/or traceable to the registration statement and prospectus issued in connection with the Company's September 12, 2019 initial public offering ("IPO" or the "Offering"), or (b) during the period from September 8, 2019 through October 2, 2019, inclusive (the "Class Period") (collectively, the "Class"). As a result of the revelations of the fraud as alleged in the complaints in the above-captioned actions, Movants suffered significant financial losses. *See* Exhibit ("Ex.") C to accompanying Declaration of Tara L. Swafford, dated December 2, 2019 ("Swafford Decl.").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who satisfy the requirements of Rule 23 of the Federal Rules of

1

Civil Procedure are presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff. Movants believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed lead plaintiffs based on their financial losses suffered as a result of Defendants' wrongful conduct as alleged in the above-captioned actions. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as its claims are typical of other Class members' claims, and Movants will fairly and adequately represent the interests of the Class. Furthermore, Movants' selection of GPM as lead counsel and Swafford Law as liaison counsel should be approved because lead counsel has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## FACTUAL BACKGROUND[1]

SmileDirectClub is a teledentistry company that purports to be the "first direct-to-consumer medtech platform for transforming smiles." The Company produces 3D-printed clear dental aligners on 3D printers at its Nashville, Tennessee headquarters, which are utilized by consumers to correct orthodontic issues. The Company's shares trade on the Nasdaq Stock Market under the ticker symbol "SDC".

On September 12, 2019, SmileDirectClub completed its IPO, offering approximately 58.54 million shares of Class A common stock at a price of $23.00 per share. The Company received proceeds of approximately $1.27 billion from the Offering, net of underwriting discounts and commissions.

---

[1] These facts are collected from the operative complaints filed in the above-captioned actions.

2

On September 24, 2019, a class action complaint was filed in the U.S. District Court for the Middle District of Tennessee by dentists, orthodontists, and consumers against SmileDirectClub and certain of its officers and directors for false advertising, fraud, negligence, and unfair and deceptive trade practices.[2] The *Ciccio* Complaint alleges that, *inter alia*, inaccurate statements were made by the Company concerning its business, and that the Company is subject to litigation for operating as a dentist without proper licensing in several states. On this news, the Company's stock price fell from $17.15 to $15.68, a decline of $1.47, on September 24, 2019. The share price continued to decline over the next two trading sessions to close at $14.51 on September 25, 2019, and at $12.94 on September 26, 2019, on unusually high trading volume. The cumulative per-share decline as a result of this disclosure was $4.21.

At all relevant times, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's practices did not qualify as teledentistry under applicable standards in many jurisdictions and was subject to regulatory scrutiny as a result, (ii) the efficacy of the Company's treatment was overstated, (iii) the Company had concealed these deceptive marketing practices prior to the IPO, and (iv) as a result of the foregoing, Defendants' statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

---

[2] Complaint for False Advertising, Fraud, Negligence, and Unfair and Deceptive Trade Practices, *Ciccio et al. v. SmileDirectClub, LLC et al.*, No. 19 Civ. 0845 (M.D. Tenn. Sept. 24, 2019), ECF No. 1 (hereinafter, the "*Ciccio* Complaint").

3

## PROCEDURAL BACKGROUND

On October 2, 2019, Richard Andre commenced the first-filed of the above-captioned actions against SmileDirectClub in the U.S. District Court for the Eastern District of Michigan. The *Andre* action asserts claims arising under the Securities Act. The same day, counsel for Andre published a notice on *Business Wire* announcing that a securities class action had been initiated against Defendants, herein, and advising investors of SmileDirectClub securities that they had 60 days from the publication of the October 2, 2019 notice to file a motion to be appointed lead plaintiff. *See* Swafford Decl. Ex. A. On November 18, 2019, the *Andre* action was transferred from the Eastern District of Michigan to this Court.

On October 23, 2019, Barry Ginsberg filed a complaint in the U.S. District Court for the Southern District of New York asserting claims under both the Securities Act and the Securities Exchange Act of 1934 (the "Exchange Act"). The *Ginsberg* action named many of the same defendants as the *Andre* action, but also included Camelot Venture Group, the controlling shareholder of SmileDirectClub. On November 18, 2019, the *Ginsberg* action was transferred from the Southern District of New York to this Court.

On October 29, 2019, Adam Franchi filed a complaint in this District asserting claims under the Securities Act based on the same events described in the *Andre* and *Ginsberg* actions and naming many of the same defendants. The *Franchi* action was the first federal securities class action to be filed in this Court.

## ARGUMENT

### I. THE CASES SHOULD BE CONSOLIDATED

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (6th Cir. 1985);

4

*see also In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 537 (N.D. Ohio 2001) (consolidating related cases "because they share a common nucleus of fact and law"); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No, 07 Civ. 2830, 2010 WL 5173851, at *14 (W.D. Tenn. Dec. 15, 2010) (consolidating cases that "raise similar legal and factual issues . . . [to] conserve judicial resources and allow a more expeditious adjudication of [Class] claims"). The PSLRA suggests consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Century Bus.*, 202 F.R.D. at 535 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(ii)). In doing so, the PSLRA does not displace the traditional legal standards for consolidation as defined under Rule 42(a).

Furthermore, neither Rule 42(a) nor the PSLRA require that the actions be identical in order to be consolidated. *See Guild Assocs., Inc. v. Bio-Energy (Wash.), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015) ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical.") (citation omitted); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-12 (6th Cir. 1993) (discussing a district court's discretion to consolidate actions pursuant to Rule 42(a)); *Century Bus.*, 202 F.R.D. at 537 (consolidating related cases despite differing relevant periods).

Each above-captioned action (i) alleges violations of federal securities laws, (ii) names many of the same defendants, (iii) is based on the same wrongful course of conduct resulting from and encompassing the IPO and the offering documents, and (iv) seeks certification of highly-overlapping, if not identical, investor classes. The *Ginsberg* action differs slightly in that it alleges Securities Act *and* Exchange Act claims. Movants assert that consolidation of all three actions is appropriate because the alleged misrepresentations in the Exchange Act claims

5

asserted in *Ginsberg* are identical to and/or contained in the same SmileDirectClub IPO offering documents as the misrepresentations that give rise to the Securities Act claims in all three actions.

## II. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA provides the procedure and standard for selecting a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice, or (ii) as soon as practicable after the court decides any pending motion to consolidate. *See* 15 U.S.C. § 77z-1(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B). Furthermore, the PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff that is most capable of adequately representing the interests of the Class – is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Blitz v. AgFeed Indus., Inc.*, No. 11 Civ. 992, 2012 WL 1192814, at *1-2 (M.D. Tenn. Apr. 10, 2012) (same). Movants satisfy these requirements and should be appointed as lead plaintiffs.

### A. Movants Filed a Timely Motion in Response to a PSLRA Notice

On October 2, 2019, counsel for Andre published a notice of pendency in connection with the filing of the initial complaint in the *Andre* action, which informed class members that the deadline to seek appointment as lead plaintiff was 60 days from the date of the notice. *See*

Swafford Decl. Ex. A; 15 U.S.C. § 77z-1(a)(3)(A), 15 U.S.C. § 78u-4(a)(3)(A). The 60-day deadline based on the timing of the notice of pendency is December 2, 2019.

Therefore, Movants had sixty days or until December 2, 2019, to file a motion to be appointed as Lead Plaintiff. Additionally, as set forth in their PSLRA certifications, Movants attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representative of the class. *See* Swafford Decl., Ex. B. Accordingly, Movants satisfy the first PSLRA requirement to be appointed lead plaintiff.

### B. Movants Have the Largest Financial Interest in the Litigation

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class," which expressly authorizes that the lead plaintiff may comprise a group. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiff."

Movants purchased SmileDirectClub Class A common stock pursuant and/or traceable to the Registration Statement and/or during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered significant financial losses. *See* Swafford Decl., Ex. C. To the best of their knowledge, Movants are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Movants believe they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest

7

financial interest—to be appointed as lead plaintiff for the Class. *See Regions Morgan Keegan*, 2010 WL 5173851, at *3-4.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA requires that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites for class certifications as provided by Rule 23(a), only two – typicality and adequacy – directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy standards of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiffs move for class certification. *See Burgraff v. Green Bankshares, Inc.*, Nos. 10 Civ. 253, 11 Civ. 014, 2011 WL 613281, at *3 (E.D. Tenn. Feb. 11, 2011) ("Under Rule 23, there are two requirements for establishing lead plaintiff: (1) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (2) the representative parties will fairly and adequately protect the interests of the class.") (internal quotation marks and citation omitted); *see also Regions Morgan Keegan*, 2010 WL 5173851, at *5 (same).

### 1. Movants' Claims Are Typical of the Class

"A claim is typical under Rule 23 if it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Burgraff*, 2011 WL 613281, at *3 (internal quotation marks omitted); *see also Garden City Emps. Ret. Sys. v. Psychiatric Solutions, Inc.*, No. 09 Civ. 882, 2012 WL 1071281, at *37 (M.D. Tenn. Mar. 29, 2012) (same). Here, Movants allege that "[d]efendants violated the federal securities laws by disseminating false and misleading statements" and assert that they "purchased [SmileDirectClub] securities at prices artificially inflated by [d]efendants' misrepresentations and omissions, like all of the other class members." *Burgraff*, 2010 WL 613281, at *3 (internal quotation marks omitted); *see also Blitz*, 2012 WL 1192814, at *10 (noting that Rule 23 "requires in part that the claims or defenses of the representative parties are typical of the claims or defenses of the class") (internal quotation marks and citation omitted). Therefore, the Court should find that Movants' claims are typical to the claims of the other Class members.

### 2. Movants Are Adequate Representatives

"The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members." *Burgraff*, 2011 WL 613281, at *3. Movants are not aware of any potential conflicts of interest or any matters that would preclude them from fulfilling their duties as lead plaintiffs. Additionally, Movants' proposed counsel has extensive experience and resources to prosecute this complex litigation efficiently and effectively. *See infra* Point III. As representatives, Movants will "fairly and adequately protect the interests of the class." *Blitz*, 2012 WL 1192814, at *10 (citation omitted).

Movants filed a timely motion, have a significant financial interest in the relief sought by the Class, and have demonstrated the typicality and adequacy of its motion to be appointed lead

plaintiff. Based on the foregoing, the Court should adopt the presumption that Movants are the "most adequate plaintiff."

## III. THE COURT SHOULD APPROVE MOVANTS' SELECTION OF COUNSEL

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Movants have selected GPM as lead counsel for the class and Swafford Law as liaison counsel. As demonstrated by the its firm résumé, GPM possess extensive experience and expertise in securities litigation, and the firms have the necessary skills and resources to efficiently and effectively prosecute this action. *See* Swafford Decl. Ex. D. As a result of this extensive experience in litigation involving similar issues to those raised in this action, Movants' counsel has the ability and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their motion and enter an order: (i) consolidating the above-captioned actions pursuant to Rule 42(a); (ii) appointing Movants as lead plaintiffs pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B); (iii) approving Movants' selection of GPM as Lead Counsel and Swafford Law as Liaison Counsel for the class; and (iv) granting any such further relief as the Court may deem just and proper.

DATED: December 2, 2019          Respectfully submitted,

**THE SWAFFORD LAW FIRM, PLLC**

*/s/ Tara L. Swafford*
Tara L. Swafford, #017577
207 Third Avenue North
Franklin, Tennessee 37064
Tel.:   (615) 599-8406
Fax:   (615) 807-2355
tara@swaffordlawfirm.com

*[Proposed] Liaison Counsel for Movants*


**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel.:   (310) 201-9150
Fax:   (310) 201-9160
rprongay@glancylaw.com
csadler@glancylaw.com
lportnoy@glancylaw.com

*[Proposed] Lead Counsel for Movants*

**KIRBY McINERNEY LLP**
Ira M. Press
250 Park Avenue, Suite 820
New York, New York 10177
Tel.:   (212) 371-6600
Fax:   (212) 699-1194
ipress@kmllp.com

*Additional Counsel*

# CERTIFICATE OF SERVICE

      I hereby certify that on December 2, 2019, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will be served by operation of the Court's electronic filing system upon the following counsel of record.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Michael Charles Griffin
Scott D. Musoff
Jay B. Kasner
Four Times Square
New York, New York 10036
Tel.: (212) 735-2844
Michael.Griffin@skadden.com
Scott.Musoff@skadden.com
Jay.Kasner@skadden.com

RILEY, WARNOCK & JACOBSON
Elizabeth O. Gonser
Steven Allen Riley
1906 West End Avenue
Nashville, Tennessee 37203
egonser@rwjplc.com
sriley@rwjplc.com

                                              */s/ Tara L. Swafford*
                                              Tara L. Swafford